IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HERITAGE FAMILY CHURCH, INC., *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 18-1259-EFM-KGG ) |
| KANSAS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

Now before the Court is Defendants' Motion to Stay Discovery. (Doc. 20.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiffs have filed their Verified Complaint For Injunctive Relief, which includes allegations that Defendants are violating the incarcerated Plaintiff's rights to free exercise of religion, speech, and assembly under state and federal Constitutions. (*See generally* Doc. 1.) The facts of this case were summarized by the District Court in its Memorandum & Order (Doc. 23) denying Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 6). That factual summary is incorporated herein by reference. (Doc. 23, at 2-5.)

1

Currently pending before the District Court in this matter are dispositive motions filed by Defendant Kansas Department of Corrections (Doc. 17) and Defendant Joe Norwood (Doc. 18). Defendants have filed the present motion (Doc. 20), seeking an Order staying discovery pending a ruling by the District Court on the pending dispositive motions.

## DISCUSSION

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. ***McCoy***, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the

2

pending motion, or where discovery on all issues in the case would be wasteful and burdensome." *Toney*, 2018 WL 5830398, at *1. *See also* ***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990). Also, a stay is appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity. *Id*., at *2.

As discussed above, there are motions pending before the District Court in which Defendants argue, in part, that Plaintiffs' Complaint should be dismissed based on Defendants' Eleventh Amendment immunity. (*See* Docs. 17, 19.) On the issue of immunity, Plaintiffs argue they are requesting injunctive relief and that "these Defendants are not entitled to qualified immunity, as they are violating Plaintiffs' First Amendment rights to free exercise of religion – a clearly established constitutional right." (Doc. 21, at 14.)

"[W]hen immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue." ***Garrett's Worldwide Enterprises, LLC, et al. v. U.S.***, No. 14-2281-JTM, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014). Defendants argue that

> [u]nder the *Wolf* factors, a stay of discovery is appropriate because a ruling on the Motion to Dismiss will conclude Plaintiffs' claims against KDOC and Secretary Norwood, neither of which is a proper Defendant herein. Discovery will not provide any information that could possibly affect the outcome of the

ruling on the issues raised in the Motions to Dismiss,
which are questions of law, not fact.

(Doc. 20, at 5.) The Court acknowledges Plaintiffs' argument that facts sought through discovery could affect the outcome of the dispositive motion. (Doc. 21, at 14-15.) The Court finds this argument to be conclusory, however, as Plaintiffs do not provide any indication of how this may be true. As such, Defendants' requested stay is **GRANTED** until the District Court rules on Defendants' dispositive motions. In reaching this determination, the Court makes no inference or findings as to the potential validity of Defendants' qualified immunity defense.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (Doc. 20) is GRANTED.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 17th day of December, 2018.

s/Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge