IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC D. SIMS, )
 )
         Plaintiff, )
 )
vs. ) Case No. 18-1259-EFM-KGG
 )
KANSAS DEPARTMENT OF )
CORRECTIONS, *et al.*, )
 )
         Defendants. )
 )

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff Eric D. Sims, who was previously represented by counsel but is now proceeding *pro se*, has filed an Application to Proceed Without Prepayment of Fees ("IFP application," Doc. 43, sealed) with a supporting financial affidavit (Doc. 43-1, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application.

**ANALYSIS**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

1

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he 50 and single with no dependents. (Doc. 43-1, sealed, at 1-2.) He has been incarcerated since 1993. (*See* Doc. 1.) He indicates that he currently holds the position of "law clerk" for the Florida Department of Corrections, but does not receive a wage. (Doc. 43-1, sealed, at 2.) He does not own real property or an automobile. He does list a noticeable amount of cash on hand. (*Id.*, at 4.) In documentation supporting his

financial affidavit, however, his Trust Fund Account with the Florida Department of Corrections had a zero balance as of January 2019. (*Id.*, at 10.)

Considering the information contained in his financial affidavit, as well as Plaintiff's incarcerated status and lack of income, the Court finds that Plaintiff has established that his access to the Court and ability to continue this litigation would be significantly limited absent a finding of *in forma pauperis* status. The Court thus **GRANTS** Plaintiff's request to continue this case *in forma pauperis*. (Doc. 43, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 43) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of February, 2019.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
