IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERITAGE FAMILY CHURCH, INC., *et al.*,

        Plaintiff,

v.

KANSAS DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

Case No. 18-1259-EFM-KGG

**MEMORANDUM & ORDER ON
PLAINTIFF'S MOTION REQUESTING SUBSTITUTION OF PARTIES**

Now before the Court is Plaintiff's Motion Requesting Substitution of Parties. (Doc. 49.) For the reasons set forth below, the undersigned Magistrate Judge **DENIES** Plaintiff's motion.

Plaintiffs filed their Verified Complaint For Injunctive Relief, which includes allegations that Defendants are violating the incarcerated Plaintiff's rights to free exercise of religion, speech, and assembly under state and federal Constitutions.[1] (*See generally* Doc. 1.) The facts of this case were summarized by the District Court in its Memorandum & Order (Doc. 23) denying Plaintiffs'

---

[1] Plaintiffs Jonathan A. Dudley and Heritage Family Church, Inc. were granted voluntary dismissal by the District Court on January 4, 2019. (*See* Doc. 36; *see also* January 1, 2019, text entry terminating parties.) Eric Sims is the sole remaining Plaintiff and represents himself *pro se*.

1

Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 6). That factual summary is incorporated herein by reference. (Doc. 23, at 2-5.)

Currently pending before the District Court in this matter are dispositive motions filed by Defendant Kansas Department of Corrections (Doc. 17) and Defendant Joe Norwood (Doc. 18). Defendants also filed a motion (Doc. 20) seeking an Order staying discovery pending a ruling by the District Court on the pending dispositive motions. The undersigned Magistrate Judge granted that motion. (Doc. 33.)

Now before the Court is Plaintiff's Motion Requesting Substitution of Parties. (Doc. 49). Plaintiff argues that Defendant Joe Norwood has been replaced as the Kansas Secretary of Corrections and, as such, should be replaced as a Defendant in this case by the interim Secretary Roger Werholtz. (*Id.*)

Pursuant to Fed.R.Civ.P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity … ceases to hold office while the action is pending." Rather, the "officer's successor is automatically substituted as a party." *Id*. Further, a court "may order substitution at any time, but the absence of such an order does not affect the substitution." *Id*.

Defendant argues that because Werholtz is only the "interim" Secretary, "the succession process contemplated by Fed.R.Civ.P. 25(d) is not complete." (Doc. 50, at 1.) The Court rejects this argument. Norwood is no longer the Secretary;

whether permanently or merely in the interim, Werholtz has taken his place.  As such, by the application of Rule 25(d), Werholtz becomes the Defendant as to the official capacity claim.  *Moore v. Kobach*, 359 F.Supp.3d 1029 (D. Kan. 2019); *Lamb v. Norwood*, 262 F.Supp.3d 1151, n.2 (D. Kan. 2017).

Plaintiff's motion is, however, **DENIED as moot** as to the official capacity claims.  In other words, the motion is unnecessary as to the official capacity claims because the application of the Rule "occurs automatically, [thus] there is no need to file or serve a motion seeking the substitution."  Federal Civil Rules Handbook, 746 (2019).

Defendant also argues that Norwood was sued in both is official and individual capacities and Rule 25 "only applies to official capacity claims and has no application to individual capacity claims." (Doc. 50, at 2 (citation omitted).) Defendant is correct that Rule 25(d) applies only to official capacity claims.  "It does not control substitution in suits where parties, who also happen to be public officers, are suing or being sued personally."  Federal Civil Rules Handbook, 745.  Plaintiff's motion is **DENIED** as to the individual capacity claims for this reason.  Thus, Werholtz will not be substituted as the Defendant as to the claims brought against Norwood in his individual capacity and those claims will continue against Norwood.  *See generally Moore*, 359 F. Supp. 3d 1029.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substitution is **DENIED as moot** as to the official capacity claims and **DENIED** as to the individual capacity claims.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 11th day of April, 2019.

s/ Kenneth G. Gale<br>
KENNETH G. GALE<br>
United States Magistrate Judge