# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIC D. SIMS,

    *Plaintiff,*

vs.

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    *Defendants.*

Case No. 18-01259-EFM-KGG

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Plaintiff Eric Sims' Motion for Extension of Time to File a Notice of Appeal (Doc. 66). The Court granted Defendants' Motion to Dismiss all of Sims' claims against them pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Sims filed a motion for reconsideration of the Court's ruling, and the Court denied that motion on February 12, 2020. Sims then filed this Motion for an extension of time to file his notice of appeal. For the reasons set forth below, Sims' Motion is denied.

### I.     Factual and Procedural Background

Sims has been an inmate in the custody of KDOC since 1993. During his incarceration, Sims converted to the Apostolic Faith. Sims—along with Heritage Family Church, Inc. ("Heritage") and Pastor Jonathan Dudley of that church (collectively "Plaintiffs")—filed this lawsuit against the Kansas Department of Corrections ("KDOC"), the Secretary of Corrections,

and ten other KDOC officials. Plaintiffs eventually voluntarily dismissed all claims against the ten KDOC officials; later, Heritage and Dudley voluntarily dismissed all claims against KDOC and the Secretary. At that point, the only remaining claims in the suit were Sims' claims against KDOC and the Secretary. Sims alleged a variety of constitutional and statutory violations arising from his treatment in prison, including a failure to accommodate his religious beliefs and a retaliatory transfer to a facility in Florida. Sims' Complaint sought purely injunctive relief to address these alleged wrongs.

KDOC and the Secretary moved the Court to dismiss all claims against them pursuant to Rule 12(b)(1) and (6). The Court granted that motion and ordered the case closed. Sims then filed a motion for reconsideration, which the Court denied on February 12, 2020.

On March 10, 2012, Plaintiff mailed a Motion for Extension of Time to File a Notice of Appeal to the Clerk of the Court. Sims seeks an additional 30 days to file his notice of appeal. In his Motion, Sims states that he was transferred to another prison facility on February 6, 2020. Because of this, Sims states that he did not receive a copy of the Court's ruling until February 19. Furthermore, Sims claims that he did not receive his legal materials from his previous facility until February 20. Lastly, Sims alleges he was unable to gain access to the law library at the new prison facility until February 25.

Defendants oppose Sims' request for an extension. Sims has not filed a timely Reply, and this matter is now ripe for the Court's consideration.

### III. Discussion

"The time parameters for filing notices of appeal are usually 'mandatory and jurisdictional.'"[1] "In a civil case, the notice of appeal generally 'must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.'"[2] Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, *that party shows excusable neglect or good cause*.[3]

"In evaluating whether a [party] has shown excusable neglect, a district court should consider 'all relevant circumstances.'"[4] Relevant factors to consider include: (1) "the danger of prejudice to the [nonmoving party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[5] The Tenth Circuit has

---

[1] *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)).

[2] *Id.* (citation omitted).

[3] Fed. R. App. P. 4(a)(5)(A)(i)–(ii) (emphasis added).

[4] *United States v. Munoz*, 664 F. App'x 713, 715 (10th Cir. 2016) (quoting *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

[5] *Id.*

"described the reason for the delay as a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[6]

In contrast, an extension for good cause addresses "a narrow class of cases in which a traditional excusable neglect analysis would be inapposite."[7] In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[8] Simply put: "[g]ood cause comes into play 'in situations in which there is no fault—excusable or otherwise.' "[9]

In arguing against the extension, Defendants rely on *Munoz*, in which the Tenth Circuit held that the district court did not abuse its discretion in denying the requested extension. In *Munoz* (a criminal case), the defendant argued that an extension should be granted because of a prison transfer and a lack of access to his legal paperwork. The district court applied the excusable neglect factors and determined that the majority of the factors weighed in the defendant's favor; specifically, the court concluded that the nonmoving party would suffer little prejudice from the delay, the delay was brief, and the parties agreed that the defendant acted in good faith.[10] Nevertheless, the district court denied the requested extension, finding that the most important factor—the reason for the delay—weighed against the defendant.[11] The court reasoned that even accepting as true the defendant's statements regarding delays that were beyond his control, the

---

[6] *Id.*

[7] *Bishop v. Corsentino*, 371 F.3d at 1207 (citation and quotations omitted).

[8] *Id.*

[9] *Munoz*, 664 F. App'x at 715.

[10] *Id.* at 716.

[11] *Id.*

defendant still had three days to prepare and mail his notice of appeal, which was sufficient time to prepare the notice in question.[12] The Tenth Circuit affirmed, finding that the district court did not abuse its discretion.[13]

Here, the Court holds that Sims' request for an extension is not warranted. The Court issued its ruling on Sims' motion for reconsideration on February 12, 2020. Sims then had 30 days to file his notice of appeal. Sims avers that, due to circumstances beyond his control, he was unable to begin working on his notice of appeal until February 25, 2020—weeks before his deadline. Accepting Sims' statements regarding his prison transfer and delayed access to legal materials as true, the Court discerns no reason for Sims' delay in filing a notice of appeal. Much like the district court in *Munoz*, the Court determines that the majority of the relevant factors weigh in Sims' favor: the danger of prejudice to Defendants is low, the delay is minimal, and Sims did not act in bad faith. However, the Court holds that the reason for the delay—which is nearly nonexistent—outweighs all the other factors. Sims had ample time and opportunity to file his notice of appeal, and the Court discerns no satisfactory reason to extend the deadlines imposed on him by statute. Accordingly, the Court denies the Motion.

---

[12] *Id.*

[13] *Id.*

**IT IS THEREFORE ORDERED** that Plaintiff Eric D. Sims' Motion for Extension of Time to File a Notice of Appeal (Doc. 66) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 7th day of April, 2020.

This case remains closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE